Mathews, J.
delivered the opinion of thé Court* in this case the appellant, opposes the homologation of a tableau of distribution, offered by the appellees, as syndics of the estate of La-rionda, an insolvent debtor, because they refuse to place him on said tableau, as a creditor of the insolvent for the amount of S 2,132 which he claims on a promissory note given by said Larionda.
On the bilan of the insolvent, he is placed amongst the creditors, by receipts and accounts, fer the same sum, which he claims by a note of Hand. This circumstance amounts to nothing ihore than a confession, on the part of Larionda, that he owed to him the' sum thus stated, at the time of his failure, but does not, legally, preclude the mass of the creditors from contesting the fairness and legitimacy of his claim. This they have done in the present case by the answer of the Syndics, to the opposition made by the appellant as above stated ; in which they declare the *706 Prom*ssor^ note’ °ffere<3 as evidence of ihe debt due to him by the insolvent, to be fraudulent and fictitious, and that the appellee never gave any consideration for it.
East. District.
July 1815.
It is unnecessary here to notice the circumstance of the note being lost, and the numerous exceptions heretofore taken in the cause, to the opinion of the Judge of the inferior court in relation to the evidence necessary, to establish its existence and amount; by the decision of -this Court the cause was remanded for further trial, ante 256. On this trial, it appears from the record, that the counsel for the appellant relying on the evidence Which he had offered to the jury, the counsel for the appellefes moved the Court to instruct the jury that it was incumbent on the appellant in the Court below to prove the consideration of the note mentioned, before he could recover thereon against the Syndics, and the Judge having given an opinion to the j ury as required, this opinion is excepted to by the counsel for the appellant, and on this exception alone the case comes before this Court.
There is no statement of facts ; and the record contains nothing by which it appears, what was the amount of the testimony given by the appellant. Yet we are required to decide on the correctness or incorrectness of the opinion deli *707 vered by the .Judge below, to the jury, as if the note had been fully proven and substantiated, Let us then consider the case, as if the note had never been lost, and was fully proven to have been given by the insolvent. -
Iw cases of insolvency and cessio bonorum, it is lawful for the creditors to dispute amongst themselves not only the preference in the payment of their credits, but also the legitimacy of their, claims ¡ and when the latter occurs, the acknowledgment of an instrument in writing, and confession of a debt on the part of the insolvent is proof sufficient to establish the debt as against him but not against the rest of the creditors, for it is presumed to be fictitious and false, and made tvith a deliberate intention, to elude their right. And although it should appear by a note of hand, it does not prove its legitimacy, because of the facility with which it may be antidated, to'the prejudice of other creditors : and for this reason he ■who does not prove his credit by other means., ought not to be considered amongst the true and lawful creditors ; much less can any confession oF the insolvent, after the cession of his property, affect the interest of his creditors, ‘ for then he b not at liberty to confess, debts or’acknowledge writings under private signature Febrero-del Juicio de Concurso, no. 33.J The same princi-pies-are laid down in .the Curia Philipica,. Tit. Conocimiento, 111. no. 9. In this last author. ⅛ : *708 a^s0 recognized as a principle of law that in all ' cases of failures fraud is to, be presumed. [Nee- /¿¿. 2. Comercio Terest. 11. Falidos no. 16.
From these authorities, we deem it correct to jay foe following, as legal axioms ; 1st. in all cases of bankru ptcy, fraud -is to be presu rued on the part of the bankrupt ; and-2d. when the: truth . and legality of the claim of any creditor of the: ■. bankrupt or insolvent is disputed by the other' creditors, the confession of the debt; by. him or his acknowledgment of any, instrument under his , private signature, is not sufficient to establish the truth and. justice of such claim against,; the: other - creditors; but on the contrary, he is bound to., support the fairness and validity, of < his credit 'in:: some other way, or by some additional proof.
WE will consider the present case as , one (in . which the mass of the creditors of-Larionda, a. bankrupt, are contending against the truth , and legality of the claim of the appellant, as a creditor of the. said Larionda*. To support This ;clainv or credit he gives in evidence a note of hand of The, insolvent. This is. not sufficient against The other. •, creditors, to prove its legality , and justice .; he ■. must give faith to it by some other or additional ( means. In. what other way heds bound to. make ■ out his claim or what other proofs .ought to. suf-< fige , in such a case, we . do. not ■ find . sufficiently laid down in, any author. It Certainly is, just, and ] reasonable.to allows per son,:thus., situated to>.d»-> *709 away the presumption of fraud which goes to destroy his credit, by any legal evidence in his power, which might convince the minds of a court or jury of the fairness and justice of his claim ; such as proving the -consideration for which the note was given, as required by the Judge of the Court below ill the present case, or it might be in his power to. shew that the note was given at a period-when no-suspicion of fraud could possibly attach to the.transaction, by proving the real time when it was given, without respect to the date it purports to bear on the face of it.
It is urged by the counsel for the appellant that a decision in this case, requiring proof of the consideration of the note, the subject of dispute between the present parties, will tend to establish the very inconvenient doctrine of requiring holders of promissory notes, in all cases, to prove their validity by shewing the considerations, for which they were obtained. As to this, it is sufficient to observe, , that any principle, which may be herein settled, will be applicable only, to • cases similar in their circumstances.
As it appears, from the opinion of the Parish Judge and exception to it’, that the appellant was required absolutely to prove the consideration of the note, and not offered the alternative of proving^ any other circumstance, which might have been sufficient to convince the minds of the court and jury, of the truth and legality of his claim : such. *710 figr example, as shewing the note to have been executed at a time which ought to destroy all presumptions of fraud in the transaction : and as it is the opinion of this Court that the Judge below erred in confining the appellant to the proof of the consideration of the note alone,
It is, therefore, ordered, adjudged and decreed, that the judgment rendered in the inferior Court be reversed and annulled. And it is further ordered, fitc. that the cause be sent back to the Parish Court to be there again tried, withinstruc-tions to the Judge to admit the appellant to the legal proof of any circumstance, which may shew the truth and justice of his claim against the ap-pellees.